**DIXIE–SHAMROCK OIL AND GAS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 183–87L.

United States Claims Court.

Feb. 1, 1989.

**ORDER**

SMITH, Chief Judge.

This case involves a mineral leasehold interest of the plaintiff in coal which underlies two tracts of property which have been acquired by the Secretary of the Army ("Secretary") for inclusion within the Big South Fork National River and Recreation Area ("BSFNRRA"). The two tracts which overlie plaintiff's claimed mineral leasehold interest are referred to by the Army Corps of Engineers as "Tract 1600" and "Tract 1620M".

At present, tracts 1600 and 1620M are subject to the restrictions concerning the prospecting for and extraction of minerals, petroleum products and gas set out at 16 U.S.C. §§ 460ee(e)(2) and (3). However, 16 U.S.C. § 460ee(b) allows the Secretary to revise the boundaries of the BSFNRRA so as to exclude tracts such as 1600 and 1620M and thereby remove the restrictions concerning the prospecting for and extraction of minerals, petroleum products and gas set out at 16 U.S.C. §§ 460ee(e)(2) and (3). In this regard, the court is of the opinion that in order for plaintiff's claims to be considered fully ripe, the Secretary should be directed to make a determination pursuant to 16 U.S.C. § 460ee(b) as to whether he wishes to revise the boundaries of BSFNRRA so as to exclude tracts 1600 and 1620M from the proposed boundary of the BSFNRRA and thereby remove the above-mentioned restrictions. If the Secretary either refuses to revise the boundaries of the BSFNRRA to exclude plaintiff's property or fails to give plaintiff a decision by July 25, 1989, the court finds plaintiff's claim of a taking ripe for review.

Accordingly, it is ordered:

1. Pursuant to RUSCC 60.1(a)(3), upon the filing of this order a certified copy of same shall be sent by the Clerk of this Court to the Secretary of the Army via

certified mail, return receipt requested, at the following address:

Secretary of the Army
The Pentagon
Washington, D.C. 20301
Attn: CDRUSACE
    (CERE–AC)
      20 Massachusetts Avenue, N.W.
      Washington, D.C. 20314–1000

2. Thereafter, the Secretary is directed to determine pursuant to 16 U.S.C. § 460ee(b) whether or not he wishes to exclude tracts 1600 and 1620M from the proposed boundaries of the BSFNRRA and thereby remove the restrictions concerning the prospecting for and extraction of minerals, petroleum products and gas set out at 16 U.S.C. §§ 460ee(e)(2) and (3). Said determination shall be made by the Secretary in writing no later than July 25, 1989. Said determination shall state whether the Secretary has decided to revise the boundaries of the BSFNRRA so as to exclude tracts 1600 and 1620M and thereby remove the restrictions concerning the prospecting for and extraction of minerals, petroleum products and gas set out at 16 U.S.C. §§ 460(e)(2) and (3). Said determination shall be sent to plaintiff's counsel in this case via certified mail, return receipt requested at the following address:

Joseph N. Clarke, Jr.
Wagner, Myers & Sanger, P.C.
Post Office Box 1308
Knoxville, TN 37901–1308

Further, pursuant to RUSCC 60.1(b)(3), the Secretary shall simultaneously forward to the clerk of this court for filing, four copies of his written determination.

3. If the Secretary shall notify the plaintiff that he has decided to revise the boundaries of the BSFNRRA so as to exclude tracts 1600 and 1620M, then said tracts shall immediately thereafter be free of the restrictions concerning the prospecting for and extraction of minerals, petroleum products and gas set out at 16 U.S.C. §§ 460ee(e)(2) and (3). Thereafter, pursuant to RUSCC 60.1(b)(4), the parties shall file with the clerk of this court, a notice indicating whether or not the decision of the Secretary affords a satisfactory basis for disposition of the claim, or whether further proceedings before the court are deemed required, and if such proceedings are desired, what those proceedings should be.

4. If the Secretary shall notify the plaintiff that he has decided not to revise the boundaries of the BSFNRRA and thereby remove the restrictions on tracts 1600 and 1620M concerning the prospecting for and extraction of minerals, petroleum products and gas as set out at 16 U.S.C. §§ 460ee(e)(2) and (3), the parties shall, within 30 days of the filing of the Secretary's determination with the clerk of this court, file with the clerk a notice indicating whether such further proceedings before the court are deemed required, and if such proceedings are desired, what those proceedings should be.

5. If the Secretary shall fail to issue a written determination by July 25, 1989, then such action shall be deemed a final decision by the Secretary not to revise the boundaries of BSFNRRA.

6. All proceedings in this case are suspended through and including July 25, 1989, and this matter is remanded to the Secretary pursuant to RUSCC 60.1 for consideration by him as outlined above.

7. If this matter is not resolved by July 25, 1989, the parties, jointly or individually, shall request a status conference.